```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION


HELENA PATTERSON,                §
                                 §
              Plaintiff,         §
                                 §
v.                               §    CIVIL ACTION NO. H-07-4513
                                 §
BEST BUY STORES, L.P. d/b/a      §
BEST BUY and RAYMOND TENG,       §
                                 §
              Defendants.        §
```

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Plaintiff, Helena Patterson's, Motion to Remand (Docket Entry No. 5). For the reasons stated below, the court will deny Patterson's motion.

### I. Factual and Procedural Background

Patterson worked for defendant Best Buy, a Virginia Limited Partnership with its principal place of business in Minnesota, from January 21, 2001, until her termination on September 14, 2005. After being terminated, Patterson sued Best Buy in state court for unlawful discrimination and retaliation under state law. Patterson also brought a claim of defamation against Raymond Teng,

Patterson's former supervisor at Best Buy and a Texas citizen, for defamation.[1]

After Patterson filed suit in state court, defendants removed the action to this court on the basis of diversity jurisdiction.[2] In response Patterson filed her Motion to Remand, urging this court to remand the case back to state court because of a lack of complete diversity between her and Teng.

## II.  Standard of Review

Patterson argues that the court must remand this action to state court because this court lacks subject matter jurisdiction. A defendant may remove an action from state to federal court only if the federal court has subject matter jurisdiction over the action.  28 U.S.C. § 1441(a).  Defendants have asserted that the court has subject matter jurisdiction based on diversity jurisdiction.

For diversity jurisdiction to exist there must be "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." Lincoln Prop. Co. v. Roche, 126 S. Ct. 606, 610 (2005).  The amount in controversy must also exceed $75,000.  See 28 U.S.C. § 1332(a).

---

[1] Defendants' Notice of Removal, Docket Entry No. 1, Exhibit A, Plaintiff's Original Petition and Request for Disclosure ¶¶ 4, 10-17.

[2] Defendants' Notice of Removal, Docket Entry No. 1, ¶ 10.

Patterson does not dispute that the amount in controversy exceeds $75,000.[3]  Patterson only argues that the parties lack complete diversity.

Defendants concede that Patterson and Teng are nondiverse parties, but argue that the court may still maintain jurisdiction over this action because Patterson's joinder of Teng was improper. "The doctrine of improper joinder is a 'narrow exception' to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a 'heavy one.'"  <u>Campbell v. Stone Ins., Inc.</u>, 509 F.3d 665, 669 (5th Cir. 2007) (quoting <u>McDonal v. Abbott Labs.</u>, 408 F.3d 177, 183 (5th Cir. 2005)).  In deciding this issue a district court can, in its discretion, conduct "a Rule 12(b)(6)-type analysis," in which the court looks only to the face of the state court petition; or the court can conduct a summary inquiry to "identify the presence of discrete and undisputed facts that would preclude recovery against the in-state defendant."  <u>Smallwood v. Ill. R.R. Co.</u>, 385 F.3d 568, 573-74 (5th Cir. 2005).  Since defendants have submitted "summary judgment type evidence" that indicates the presence of discrete facts that would

---

[3]Patterson has sought back and front pay with interest, damages for mental anguish and pain and suffering, exemplary damages, expert fees, and attorney's fees.  Defendants' Notice of Removal, Docket Entry No. 1, Exhibit A, Plaintiff's Original Petition and Request for Disclosure, p. 8.  She has also pleaded facts that if proven would entitle her to such damages.  <u>Id.</u> ¶¶ 10-17.  Accordingly, if Patterson were successful, she could recover more than $75,000.

preclude Patterson from recovering from Teng, the court will conduct a summary inquiry.

To prevail under such an inquiry defendants must establish that "there is arguably no reasonable basis for predicting that the plaintiff would produce sufficient evidence to sustain a finding necessary to recover against th[e] defendant." Hornbuckle v. State Farm Lloyds, 385 F.3d 538, 545 (5th Cir. 2004).[4]  If there is arguably a reasonable basis for predicting that Patterson would produce sufficient evidence, joinder of Teng is not improper and remand is required.  See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002).  However, "a reasonable basis" means more than a mere hypothetical basis. Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999). For the plaintiff's purported basis for recovery to be "reasonable" there must be a "factual fit between the plaintiff's allegations and the pleaded theory of recovery."  Id.

The court evaluates all facts in the light most favorable to Patterson, and resolves all ambiguities in the controlling state law in Patterson's favor.  Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005).  All "doubts regarding whether removal jurisdiction is proper should be resolved against federal

---

[4]The removing party could also establish improper joinder by proving "actual fraud in pleading jurisdictional facts." Campbell, 509 F.3d at 669.  However, since neither defendant has argued actual fraud, the court does not address this issue.

jurisdiction." Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

### III. Analysis

Since Patterson only asserted a claim for defamation against Teng, the propriety of Teng's joinder depends on whether there is a reasonable basis for predicting that Patterson will produce sufficient evidence to sustain an action for defamation against Teng. The petition alleges that Teng told several Best Buy employees "that plaintiff had been terminated for cause associated with violation of the employee purchase policy."[5] Patterson asserts that this statement was false either because she did not violate the employee discount policy, or because the actual reason Best Buy terminated her was to retaliate against her for making a sexual harassment complaint and participating in an investigation into that complaint.

To prove defamation Patterson must show that Teng "(1) published a statement; (2) that was defamatory concerning [Patterson]; (3) while acting with . . . negligence . . . regarding the truth of the statement." WFAA TV, Inc. v. McLemore, 978 S.W.2d 568, 571 (Tex. 1998). Defendants assert that Teng is immune from Patterson's defamation claim because any statements Teng made to

---

[5]Defendants' Notice of Removal, Docket Entry No. 1, Exhibit A, Plaintiff's Original Petition and Request for Disclosure ¶ 10.

other employees were privileged and made without actual malice. The court agrees.

Texas has long recognized a conditional or qualified privilege for statements made by employers "in the course of an investigation following a report of employee wrongdoing." Randall's Food Mkt., Inc. v. Johnson, 891 S.W.2d 640, 646 (Tex. 1995). If established, the privilege acts as a complete bar to recovery not only from the employer but also from any of its employees who may have passed on the allegedly defamatory statements. See id. at 646-47. However, the privilege is limited in two ways. First, the privilege does not protect statements made with actual malice. Id. at 646. Second, the privilege does not protect statements made by an employee to "persons having [no] interest or duty in the matter to which the communications relate." Id. Since privilege is an affirmative defense, the defendant bears the burden of "conclusively establishing that the allegedly defamatory statement was made with an absence of malice." Id. A defendant conclusively establishes that allegedly defamatory statements were made without malice if the defendant shows that there were "reasonable grounds to believe that the[] statements were true." Id. at 647.

Defendants have conclusively established that Teng's statements were privileged. In his affidavit Teng stated that he received a report that Patterson had violated Best Buy's employee discount policy; that this report led him, in his capacity as the

-6-

General Manager, to investigate Patterson; and that his investigation led him to conclude that Patterson had in fact violated the employee discount policy, which resulted in Patterson's termination.  Teng further stated that he communicated this information only to other management personnel who supervised Patterson and to those members of Best Buy's Human Resources group who had participated in the investigation.[6]

This evidence establishes that Teng's statements to other Best Buy employees were made in the course of an investigation of employee misconduct and were made only to those Best Buy employees who had an interest in the investigation.  See id. at 646-47 (holding that all employees involved in an investigation of employee misconduct had an interest in the communications about the investigation); cf. Welch v. Doss Aviation, Inc., 978 S.W.2d 215, 224 (Tex. App. -- Amarillo 1998, no writ) (holding that all other pilots had an interest in the reasons why another pilot was fired, making the supervisor's communication of such information privileged).[7]  The evidence also conclusively establishes that Teng

---

[6]Defendants' Response to Plaintiff's Motion to Remand, Docket Entry No. 6, Exhibit 1, Affidavit of Raymond Teng ¶¶ 2-5.

[7]In her petition Patterson also alleged that Teng made defamatory statements to prospective employers. Defendants' Notice of Removal, Docket Entry No. 1, Exhibit A, Plaintiff's Original Petition and Request for Disclosure ¶ 10.  Teng unequivocally denies making any such statements.  Defendants' Response to Plaintiff's Motion to Remand, Docket Entry No. 6, Exhibit 1, Teng
(continued...)

made the statements without malice: Having personally conducted an investigation into Patterson's reported violation of Best Buy's employee discount policy, Teng had reasonable grounds to believe that his statements -- that Patterson was terminated for violating Best Buy's employee discount policy -- were true. See Randall's Food Mkt., Inc., 891 S.W.2d at 647. Therefore, Teng's statements were privileged.

Instead of submitting evidence to rebut Teng's evidence, Patterson merely realleges the allegations in the petition and asserts that Teng's conclusion that Patterson violated Best Buy's employee discount policy is false. However, Patterson has not offered any evidence that would suggest that Teng made statements to any person who lacked an interest in the allegedly defamatory statements or that he lacked reasonable grounds for believing that his statements were true. Nor has Patterson pointed to any evidence that she could and would produce to rebut Teng's affidavit. The court therefore concludes that there is no arguably reasonable basis for predicting that Patterson will produce sufficient evidence to sustain a finding necessary to overcome the

---

[7](...continued)
Aff. ¶ 6. However, even if Teng had made such statements they would not strip Teng of his privilege. See Burch v. Coca-Cola Co., 119 F.3d 305, 323 (5th Cir. 1997) (holding that under Texas law, communications of a former employer to a prospective employer are privileged if made in good faith).

privilege that attaches to Teng's statements and thus recover for defamation against Teng.[8]

### IV. Conclusion and Order

Based on the foregoing, Plaintiff's Motion to Remand (Docket Entry No. 5) is **DENIED**, and defendant Teng is **DISMISSED with prejudice**.

**SIGNED** at Houston, Texas, on this 17th day of March, 2008.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[8] Patterson also alleges that Teng's statements constituted slander per se because they "falsely imputed criminal conduct to Plaintiff." Id. ¶ 17. However, the court's conclusion that Teng's statements were privileged and without malice eliminates any arguably reasonable basis for predicting that Patterson would recover under such a claim. Moreover, even if the privilege did not apply, there would still be no arguably reasonable basis for predicting that Patterson will recover for defamation per se. To be actionable per se, a communication must "unambiguously and falsely impute[] criminal conduct to plaintiff." Gray v. HEB Food Store No. 4, 941 S.W.2d 327, 329 (Tex. App. -- Corpus Christi 1997, writ denied). Whether words are defamatory per se is a question of law, and the allegedly defamatory words are evaluated "in light of surrounding circumstances based upon how a person of ordinary intelligence would perceive the entire statement." In re Paul Jennings, 203 S.W.3d 32, 36 (Tex. App. -- San Antonio 2006, orig. proceeding). Neither Teng's statements nor the context within which they occurred (an investigation of Patterson's alleged misconduct) demonstrates an unambiguous imputation of criminal conduct to Patterson. A violation of Best Buy's employee discount policy does not plainly implicate a violation of any criminal law but could occur for any number of innocuous reasons. See Defendants' Response to Plaintiff's Motion to Remand, Docket Entry No. 6, Exhibit 1, Teng Aff., Exhibit A, Best Buy Employee Discount Policy.